## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HARVEY NEAL, Individually & On Behalf of All Others Similarly Situated, § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 2:24-CV-280 |
| § | |
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, § § § § | |
| Defendant. § | |

### *PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT*

*TO THE HONORABLE UNITED STATES DISTRICT JUDGE:*

  **COMES NOW, HARVEY NEAL** and files this, his Original Class Action Complaint, and in support thereof would respectfully show unto the Court as follows —

### *I.*

### *PARTIES*

1.  **HARVEY NEAL** is a resident of the Eastern District of Texas.

2.  **NATIONAL LIABILITY & FIRE INSURANCE COMPANY** is foreign property & casualty insurance company with its principal place of business in Omaha, Nebraska. It may be served through its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.

## JURISDICTION & VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) (West 2024) in that minimal diversity of citizenship exists between the Plaintiff Class and Defendants and the amount in controversy exceeds $5,000,000.00.

4. Venue is proper in this Court in that all or a substantial portion of the facts giving rise to Plaintiff's claims occurred in the Eastern District of Texas. Specifically, the accident made the basis of this suit, the issuance of the policy in question and the violations of the contract and Texas Insurance Code all occurred in the Eastern District of Texas.

## III.

## NATURE OF SUIT

5. This is a suit alleging breach of contract and violations of the Texas Insurance Code brought by **NEAL** to recover statutory penalties and reasonable attorney's fees owed to him and the many other insureds whose first party insurance claims **NATIONAL LIABILITY & FIRE INSURANCE COMPANY** ("**NATIONAL LIABILITY**") failed timely to accept/reject and/or pay including those for Texas personal injury protection benefits.

## *IV.*

## *<u>LEGAL BACKGROUND</u>*

6. The Texas Insurance Code (the "Code") expressly provides that "*not later than the 15th day . . . after the date an insurer receives notice of a claim, the insurer shall acknowledge receipt of the claim, commence any investigation of the claim and request from the claimant all items, statements and forms that the insurer reasonably believes, at that time, will be required from the claimant.*" TEX. INS. CODE § 542.055(a) (West 2024).

7. The Code likewise requires an insurer to "*notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements and forms required by the insurer to secure final proof of loss.*" *Id.* at § 542.056(a).

8. The Code further specifically provides that "*[i]f an insurer, after receiving all items, statements and forms reasonably requested and required, delays payment of a claim **<u>for a period exceeding the period specified by other applicable statutes</u>** or, if other statutes do not specify a period, for more than sixty (60) days, the insurer shall pay damages and other items as provided by Texas Insurance Code § 542.060.*" *Id.* at § 542.058 (emphasis added).

9. According to the express terms of § 542.060, an insurer which violates any of the foregoing strictures is "*liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages together with reasonable and necessary attorney's fees.*" *Id.* at § 542.060.

10. The damages to be awarded under § 542.060 of the Code are expressly "**not exclusive**" and are "*in addition to any other remedy or procedure provided by law or at common law.*" *Id.* at § 542.061 (emphasis added).

11. With regard to Texas personal injury protection coverage, § 1952 of the Code requires an insurer to pay benefits "**not later than the thirtieth (30) day after the insurer receives satisfactory proof of a claim**." *Id.* at § 1952.156(a)(emphasis added).

12. Section 1952.157 further provides that in the event an insurer "*fails to pay [personal injury protection benefits] when due, the person entitled to those benefits may bring an action in contract to recover the benefits.*" *Id.* at § 1952.157.

13. If an insurer is required to pay past due personal injury protection benefits, § 1952.157 dictates that "*the person entitled to those benefits is entitled to recover reasonable attorney's fees, a penalty of 12% and interest at the legal rate from the date those amounts became overdue.*" *Id.* at § 1952.157.

## V.

## FACTUAL BACKGROUND

14. On August 17, 2023, in Rusk County, Texas, **NEAL** sustained bodily injuries in an automobile accident (the "Accident").

15. At the time of the Accident, **NEAL** was insured by a policy of automobile liability insurance issued by **NATIONAL LIABILITY** (the "Policy").

16. The Policy included personal injury protection coverage of $2,500.00 for **NEAL**, the members of his family and all occupants of his insured vehicle.

17. On October 2, 2023, **NEAL** filed a claim demanding payment of $1,294.00 of the Policy's personal injury protection benefits (the "$1,294.00 Claim").

18. On October 23, 2023, **NEAL** submitted documentation of an additional $10,433.69 in medical expenses and demanded payment of the remaining $1,206.00 of the Policy's personal injury protection limit (the "$1,206.00 Claim").

19. **NATIONAL LIABILITY** received the $1,294.00 Claim and supporting documentation on October 2, 2023.

20. **NATIONAL LIABILITY** received the $1,206.00 Claim and supporting documentation on October 23, 2023.

21. With regard to the $1,294.00 Claim, the time for **NATIONAL LIABILITY** to acknowledge receipt of the claim, commence its investigation and request any items, statements and forms required to process the claim expired on October 17, 2023. *Cf.* TEX. INS. CODE at § 542.055(a).

22. With regard to the $1,206.00 Claim, the time for **NATIONAL LIABILITY** to acknowledge receipt of the claim, commence its investigation and request any items, statements and forms required to process the claim expired on November 7, 2023. *Cf.* TEX. INS. CODE at § 542.055(a).

23. **NATIONAL LIABILITY** requested no additional items, statements or forms to secure final proof of loss for the $1,294.00 Claim.

24. **NATIONAL LIABILITY** requested no additional items, statements or forms to secure final proof of loss for the $1,206.00 Claim.

25. Because ***NATIONAL LIABILITY*** received all items, statements and forms required to secure final proof of the $1,294.00 Claim on October 2, 2023, the Code required it to accept or reject the $1,294.00 Claim not later than October 24, 2023. *Cf.* TEX. INS. CODE at § 542.056(a).

26. Because ***NATIONAL LIABILITY*** received all items, statements and forms required to secure final proof of the $1,206.00 Claim on October 23, 2023, the Code required it to accept or reject the $1,206.00 Claim not later than November 14, 2023.

27. Because ***NATIONAL LIABILITY*** received all items, statements and forms required to secure final proof of the $1,294.00 Claim on October 2, 2023, the Code required it to pay the $1,294.00 Claim not later than November 2, 2023. *Cf.* TEX. INS. CODE at §§ 542.058, 1952.156(a).

28. Because ***NATIONAL LIABILITY*** received all items, statements and forms required to secure final proof of the $1,206.00 Claim on October 23, 2023, the Code required it to pay the $1,294.00 Claim not later than November 22, 2023. *Cf.* TEX. INS. CODE at §§ 542.058, 1952.156(a).

29. ***NATIONAL LIABILITY*** did not acknowledge receipt of the $1,294.00 Claim on or before October 17, 2023.

30. ***NATIONAL LIABILITY*** did not acknowledge receipt of the $1,206.00 Claim on or before November 7, 2023.

31. ***NATIONAL LIABILITY*** did not accept or reject the $1,294.00 Claim on or before October 24, 2023.

32. *NATIONAL LIABILITY* did not accept or reject the $1,206.00 Claim on or before November 14, 2023.

33. *NATIONAL LIABILITY* did not pay the $1,294.00 Claim on or before November 2, 2021.

34. *NATIONAL LIABILITY* did not pay the $1,206.00 Claim on or before November 22, 2021.

35. On March 14, 2024, *NATIONAL LIABILITY* paid the $1,294.00 Claim.

36. *NATIONAL LIABILITY* did not pay interest of 18% *per annum* as required by Texas Insurance Code § 542.060 on the $1,294.00 Claim.

37. *NATIONAL LIABILITY* did not pay the 12% penalty & interest prescribed by Texas Insurance Code § 1952.157 on the $1,294.00 Claim.

38. To this day, *NATIONAL LIABILITY* has not acknowledged, accepted/reject or paid the $1,206.00 Claim.

39. *NATIONAL LIABILITY* has not paid interest of 18% *per annum* as required by Texas Insurance Code § 542.060 on the $1,206.00 Claim.

40. *NATIONAL LIABILITY* has not paid the 12% penalty & interest prescribed by Texas Insurance Code § 1952.157 on the $1,206.00 Claim.

## VI.

## CAUSES OF ACTION

### A.

### BREACH OF CONTRACT

41. *NEAL* would show the Court that *NATIONAL LIABILITY* failed to comply with the agreement contained in the Policy including the provisions of the Texas Insurance Code incorporated therein.

42. More specifically, *NATIONAL LIABILITY* did not timely acknowledge, accept/reject or pay the $1,294.00 Claim or the $1,206.00 Claim.

43. Likewise, *NATIONAL LIABILITY* did not pay personal injury protection benefits within thirty (30) days of its receipt of satisfactory proof of a claim.

44. *NATIONAL LIABILITY's* failure to comply with the parties' agreement was not excused by any prior, material breach of the agreement by *NEAL*.

### B.

### TEXAS INSURANCE CODE VIOLATIONS

45. Similarly, *NEAL* would show the Court that the conduct of *NATIONAL LIABILITY* described above violates the Texas Insurance Code.

46. More specifically, *NATIONAL LIABILITY* to did not timely acknowledge, accept or reject the $1,294.00 Claim or the $1,206.00 Claim.

47. Likewise, *NATIONAL LIABILITY* did not pay the $1,294.00 Claim or the $1,206.00 Claim within thirty (30) days of its receipt of satisfactory proof.

48. *NATIONAL LIABILITY* did not pay the 18% interest imposed by § 542.060 of the Code on either the $1,294.00 Claim or the $1,206.00 Claim.

49. *NATIONAL LIABILITY* did not pay the 12% penalty imposed by § 1952.157 of the Code on either the $1,294.00 Claim or the $1,206.00 Claim.

50. *NATIONAL LIABILITY* did not pay associated with the presentation and prosecution of either the $1,294.00 Claim or the $1,206.00 Claim.

## VII.

## CLASS ACTION ALLEGATIONS

### A.

### THE PROPOSED CLASS

51. The Class which *NEAL* seeks to represent is composed of (1) all persons to whom *NATIONAL LIABILITY* paid Texas personal injury protection benefits more than thirty (30) days after the date on which *NATIONAL LIABILITY* received satisfactory proof of claim and (2) all persons whose first party claims *NATIONAL LIABILITY* failed to (a) acknowledge within fifteen (15) days of receipt, (b) accept or reject in writing within fifteen (15) business days of the date on which it received satisfactory proof of claim and/or (c) pay within sixty (60) days of its receipt of all requested items, statements and forms.

52. The Class specifically excludes (1) all persons whose first party claims *NATIONAL LIABILITY* paid more than four (4) years prior to the filing of this action; (2) all persons to whom *NATIONAL LIABILITY* previously paid the 18% interest and attorney's fees required by Texas Insurance Code § 542.060; (3) all persons to whom *NATIONAL LIABILITY* has previously paid the 12% penalty required by Texas Insurance Code § 1952.157 and (4) the Judges and Magistrate Judges of the United States District Court for the Eastern District of Texas and all Justices of the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court.

## B.

## THE REQUISITES OF RULE 23(a)

53. This class of individuals is sufficiently numerous and dispersed to make individual joinder patently impractical.

54. *NATIONAL LIABILITY* insures hundreds of thousands of individuals and entities across the state of Texas from whom/which it collects more than $2 billion in automobile insurance premiums each year.

55. *NATIONAL LIABILITY* pays tens of thousands of first party claims — including personal injury protection claims — each year encompassing hundreds of millions of dollars in policy benefits.

56. Each of these claimants — plus those presented and/or paid since the filing of this action — represents a potential class member who can be readily identified from an examination of *NATIONAL LIABILITY's* own records.

57. Each member of the proposed Class shares an interest the Court's determination of whether and to what extent *NATIONAL LIABILITY* is required to pay the 18% penalty provided by § 542.060 of the Code.

58. Each member of the proposed Class shares an interest the Court's determination of whether and to what extent *NATIONAL LIABILITY* is required to pay the 12% penalty provided by § 542.060 of the Code.

59. *NEAL'S* claims are typical of the claims of the Class as a whole in that he has suffered the same injury and seeks the same relief as the Class as a whole.

60. There is no conflict of interest between *NEAL* and the proposed Class.

61. Further, *NEAL* has retained qualified and competent counsel to represent the interests of the Class. FED. R. CIV. P. 23(a).

## C.
## THE REQUISITES OF RULE 23(b)

62. This case may be maintained as a class action under Rule 23(b)(3), FED. R. CIV. P., in that issues of fact and law common to the class predominate over those affecting only individual class members and a class action is a superior means of resolving this dispute.

## VIII.

## *DAMAGES*

63. On behalf of himself and the entire Class, **NEAL** brings this action to recover the statutory penalty of 12% of the amount of Texas personal injury protection benefits belatedly paid to class members, interest at the legal rate from the date the benefits became overdue and reasonable attorney's fees as provided by Texas Insurance Code § 1952.157(b) (West 202).

64. In addition, **NEAL** brings this action to recover statutory interest of 18% per annum of the amount of all Texas first party claims which **NATIONAL LIABILITY** failed to timely acknowledge, accept/reject and/or pay as mandated by Texas Insurance Code §§ 542.056(a), 542.060.

65. Given the scope of the class and volume of coverage written by **NATIONAL LIABILITY** in the previous four (4) years, Plaintiff anticipates that the damages will greatly exceed $5 million.

**WHEREFORE, PREMISES CONSIDERED**, **HARVEY NEAL** respectfully prays that **NATIONAL LIABILITY & FIRE INSURANCE COMPANY** be cited to appear and answer his allegations and that, upon final hearing, its be ordered to pay all damages to which he and the Class are justly entitled, along with reasonable attorneys' fees, costs of court and such other legal or equitable remedies to which they are justly entitled.

Respectfully submitted,

By: /s/ *James Holmes*

    James A. Holmes (Attorney in Charge)
    State Bar No. 00784290

***THE LAW OFFICE OF JAMES HOLMES, P.C.***

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesholmeslaw.com

***ATTORNEY FOR PLAINTIFF***

